B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Warren E. Agin, Trustee | **DEFENDANTS**<br>Mortgage Electronic Registration Systems, Inc.<br>and Countrywide Home Loans, Inc. |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Jeffrey J. Cymrot - Sassoon & Cymrot, LLP<br>84 State Street, Boston, MA 02109<br>617-720-0099 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   ☒ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

The Trustee asserts that the mortgage lien held by the defendants contains a defective acknowledgement and is therefore void and avoidable.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Matthew H. Giroux | BANKRUPTCY CASE NO.<br>08-14708-JNF | |
| DISTRICT IN WHICH CASE IS PENDING<br>Massachusetts | DIVISION OFFICE<br>Boston | NAME OF JUDGE<br>Feeney |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Jeffrey J. Cymrot | | |
| DATE 9-24-2008 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Jeffrey J. Cymrot | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| **MATTHEW H. GIROUX** | ) | **Chapter 7** |
| Debtor | ) | **Case No. 08-14708-JNF** |
| | ) | |
| **WARREN E. AGIN, TRUSTEE** | ) | |
| Plaintiff | ) | |
| v. | ) | **Adversary Proceeding No.** |
| | ) | |
| **MORTGAGE ELECTRONIC REGISTRATION** | ) | |
| **SYSTEMS, INC., and COUNTRYWIDE HOME** | ) | |
| **LOANS, INC.** | ) | |
| Defendants | ) | |

## COMPLAINT

### Parties

1. Warren E. Agin is an individual with a business address of Swiggart & Agin LLC, 197 Portland Street, 4th Floor, Boston, MA 02114, who brings this adversary proceeding in his capacity as the trustee of the chapter 7 bankruptcy estate [Estate] of Matthew H. Giroux [Trustee].

2. Mortgage Electronic Registration Systems, Inc. [MERS], is a Delaware corporation with an address of P.O. Box 2026, Flint, MI 48501-2026. MERS's registered agent in Massachusetts is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

3. Countrywide Home Loans, Inc. [Countrywide], is a corporation doing business in Massachusetts with a mailing address of 7105 Corporate Drive, Plano, TX 75024. Countrywide's registered agent in Massachusetts is CT Corporation System, 155 Federal Street, Suite 700, Boston, MA 02110.

1

## Jurisdiction and Venue

3. The court has jurisdiction over this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (K), and (O).

4. Venue in this court is proper pursuant to 28 U.S.C. 1409.

## Allegations of Fact

5. By deed [Deed] dated December 19, 2005, and recorded in the Bristol County (Northern District) Registry of Deeds at Book 13818 , Page 62, Matthew H. Giroux, the debtor herein, acquired the fee interest in real property located at 949 Somerset Avenue, North Dighton, MA 02764 [Property]. Exhibit 1 contains a copy of the Deed.

6. The Property constitutes property of the Estate.

7. MERS asserts that on December 19, 2005, the debtor alienated an interest in the Property by executing a certain mortgage [Mortgage]. Exhibit 2 contains a copy of the Mortgage.

8. MERS, the debtor's lender, or a successor of the debtor's lender had the Mortgage recorded in the Bristol County [Northern District] Registry of Deeds at book 15484, page 18.

9. Countrywide asserts a first mortgage interest in the Property as MERS's assignee.

10. Countrywide asserts that its first mortgage interest in the Property has a balance of about $282,728.40.

11. The debtor commenced his chapter 7 bankruptcy case on June 27, 2008 [Date of Commencement].

12. The Property has a value of $294,000.

### Count I
### Determination of Secured Status – 11 U.S.C. §506(d)

13. No deed may be recorded without a certificate of its acknowledgement or proof of its due execution. M.G.L. ch. 183, §29.

14. The certificate affixed to the Mortgage contains a material omission and defect that does not constitute a scrivener's error. M.G.L. ch. 183, §30.

15. Prior to the Date of Commencement, neither MERS nor any party claiming under MERS cured the certificate's material omission and defect pursuant to the provisions of the Uniform Acknowledgement Act set forth in Massachusetts as M.G.L. 183, §29, et seq., or any other applicable provision of law.

16. Because MERS did not comply with the provisions of the Uniform Acknowledgement Act as adopted in Massachusetts, the Mortgage is void as to the Trustee and the debtor's chapter 7 estate.

17. Pursuant to 11 U.S.C. §506(d) and Fed.R.Bankr.P. 7001(2), the Trustee asks the court to determine the validity, priority, and extent of the Mortgage as a lien on the Property.

### Count II
### Avoidance of the Mortgage -- 11 U.S.C. §544

18. In pertinent part 11 U.S.C. §544(a) states

    (a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

    *
    *
    *

    (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists.

19. Alternatively, the Trustee asks the court for an order avoiding the Mortgage as a transfer of property subject to his hypothetical lien arising from §544(a).

3

## Count III
## Liability for Avoided Transfer -- 11 U.S.C. §550(a)(1)

20.    Pursuant to 11 U.S.C. § 550(a)(1), the Trustee asks the court to enter judgment against MERS as initial transferee, allowing the Trustee to recover, for the benefit of the estate, the Property transferred or the value of the Property transferred by the Mortgage.

## Count IV
## Liability for Avoided Transfer -- 11 U.S.C. §550(a)(2)

21.    Pursuant to 11 U.S.C. § 550(a)(2), the Trustee asks the court to enter judgment against Countrywide as the immediate transferee of the initial transferee, allowing the Trustee to recover, for the benefit of the estate, the Property transferred or the value of the Property transferred by the Mortgage.

WHEREFORE, the Trustee asks the court to grant the relief set forth herein and for such other relief as the court deems just.

                              Respectfully submitted,
                              Warren E. Agin, Trustee
                              By his counsel,

Dated: September 24, 2008        /s/ Jeffrey J. Cymrot
                                         Jeffrey J. Cymrot (BBO# 555925)
                                         Anthony A. A. McGuinness (BBO#661478)
                                         Sassoon & Cymrot LLP
                                         84 State Street
                                         Boston, MA 02109
                                         Tel: (617) 720-0099

Complaint (09-17-08)