## UNITED STATES BANKRUPTCY COURT
### FOR THE
### DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MATTHEW H. GIROUX,**　　　　　　　　　Chapter 7
　　　Debtor　　　　　　　　　　　　　　　Case No. 08-14708-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**WARREN E. AGIN, CHAPTER 7 TRUSTEE,**
　　　Plaintiff
v.　　　　　　　　　　　　　　　　　　　Adv. P. No. 08-1261
**MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. and COUNTRYWIDE
HOME LOANS, INC.,**
　　　Defendants

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## MEMORANDUM

## I. INTRODUCTION

The matters before the Court are Cross-Motions for Summary Judgment filed by the

Chapter 7 Trustee of the estate of Matthew H. Giroux (the "Debtor") and the Defendants,

Mortgage Electronic Registration Systems, Inc. ("MERS") and Countrywide Home Loans,

Inc. ("Countrywide")(collectively, the "Defendants"). The Court heard the Motions on

February 18, 2009 and took them under advisement. The issue presented concerns the

ramifications of an acknowledgment on a mortgage granted by the Debtor to MERS, which

does not contain a specific reference to the Debtor as the person appearing before the

1

notary public.

The material facts necessary to resolve the issue are not in dispute, and the matter is ripe for summary judgment. *See* Fed. R. Civ. P. 56(c), made applicable to this proceeding by Fed. R. Bankr. P. 7056. *See also* <u>Desmond v. Varrasso (In re Varrasso)</u>, 37 F.3d 760, 763 (1st Cir. 1994).

## II. FACTS

The Debtor executed a mortgage in favor of MERS on December 19, 2005 with respect to property located at 949 Somerset Avenue, North Dighton, Massachusetts. The mortgage was recorded at the Registry of Deeds on the same day at 4:00 p.m. Countrywide asserts a first mortgage interest in the property as MERS's assignee.

The Debtor filed a voluntary Chapter 7 petition on June 27, 2008. He listed the property on Schedule A-Real Property with a value of $294,000, subject to two mortgages held by Countrywide. On September 9, 2008, Countrywide filed a Motion for Relief from the Automatic Stay in which it asserted that the outstanding balance on its first mortgage loan, as of September 3, 2008, was $282,782.40, and that, consistent with the Debtor's Schedule A, the fair market value of the Debtor's property was $294,000.

On September 24, 2008, the Trustee filed a four-count Complaint against the Defendants, seeking a determination of MERS's secured status pursuant to 11 U.S.C. § 506(d) and avoidance of the mortgage pursuant to 11 U.S.C. § 544, as well as counts under 11 U.S.C. § 550(a)(1) and (2). The Trustee's Complaint and the dispute between the parties revolve around whether the mortgage contains a material defect in the acknowledgment.

The acknowledgment, which appears on the same page as the Debtor's signature and that of the witness, who was also the notary public completing the acknowledgment, sets forth the following:

Commonwealth of Massachusetts,                    County ss: Bristol

On this 19th day of December 2005, before me personally appeared

,

to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

/s/ Todd M. Sullivan
Todd M. Sullivan          Notary Public

My commission expires:  10/28/16

As is evident from the foregoing, the Debtor's name does not appear in the blank space provided.

## III. POSITIONS OF THE PARTIES

A. The Chapter 7 Trustee

The Chapter 7 Trustee makes three arguments. First, he maintains that the mortgage contains a materially defective acknowledgment and is therefore void. He relies upon Mass. Gen. Laws ch. 183, § 29 which provides in pertinent part the following: "No deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates . . . ." He also relies upon Mass. Gen. Laws ch. 183, § 30, which provides:

The acknowledgment of a deed or other written instrument required to be

acknowledged shall be by one or more of the grantors or by the attorney executing it. The officer before whom the acknowledgment is made shall endorse upon or annex to the instrument a certificate thereof. Such acknowledgment may be made - -

(a) If within the commonwealth, before a justice of the peace or notary public.

Based upon those statutes, the Trustee maintains that the notary public was required to name the Debtor in the acknowledgment. He further asserts that the acknowledgment is not merely an administrative detail. Citing McQuatt v. McQuatt, 320 Mass. 410 (1946), he states that it "furnishes formal proof of the authenticity of the execution of the instrument when presented for recording." Id. at 413-14. See also Gordon v. Gordon, 8 Mass. App. Ct. 860, 862 (1979).

The Trustee further asserts that, unlike a spelling or other scrivener's error, the acknowledgment attached to the mortgage executed by the Debtor contains a material defect. Again, relying upon McQuatt, he concludes that the mortgage omits the officer's statement regarding the identity of the person who appeared before him to sign the mortgage and, thus, omits evidence that the acknowledgor who executed the mortgage did so as his free act and deed.

The Trustee maintains that an unacknowledged deed, or, as in this case, an acknowledged mortgage with a material defect, should not be recorded. He states that, if such a deed or mortgage were recorded, it does not operate as constructive notice, citing Graves v. Graves, 72 Mass. 391 (1856)("instrument of defeasance, not being acknowledged, was improvidently admitted to registration [and] does not operate as constructive notice of the execution of assignment . . ."). The Trustee, accordingly, asserts that his strong-arm

4

powers prevent Countrywide from curing the defective acknowledgment and allow him to avoid the mortgage.

The Trustee notes that Mass. Gen. Laws ch. 184, § 24 contains a "grandfather" clause, which validates recorded instruments containing defects at the expiration of a ten year period, unless within that period "a proceeding is commenced on account of the defect, irregularity or omission, and notice thereof is duly recorded in said registry of deeds and indexed and noted on the margin thereof under the name of the signer of the instrument and, in the event of such proceeding, unless relief is thereby in due course granted." Because ten years have not elapsed since the Debtor executed the mortgage and neither MERS nor Countrywide took steps to correct the defect in the acknowledgment, the Trustee claims it is too late for Countrywide to cure the defect and that he is entitled to avoid the mortgage pursuant to 11 U.S.C. § 544(a).

The Trustee relies upon Stern v. Continental Assurance Co. (In re Ryan), 851 F.2d 502 (1st Cir. 1988), a case in which the United States Court of Appeals for the First Circuit affirmed the decision of the district court which had concluded that a mortgage deed that lacked the signature of two statutorily-required witnesses was defective under Vermont law and could not serve as constructive or inquiry notice to a future purchaser, thus enabling the bankruptcy trustee, as a hypothetical bona fide purchaser, to avoid the mortgage. Applying the reasoning in Ryan to the present case, the Trustee states:

> [T]he Mortgage fails to give the Trustee constructive notice of Countrywide's interest, and the strong-arm powers conferred upon him by 11 U.S.C. § 544(a) subordinate Countrywide's mortgage interest to his. Countrywide's mortgage interest, which it acquired by assignment, is not void - not a

5

nullity. Rather, it is voidable by the Trustee's strong-arm powers and subordinated to the estate's interest.

Finally, in his Complaint, the Trustee relies upon 11 U.S.C. §550(a) in seeking " ... to recover, for the benefit of the estate, the Property transferred or the value of the Property transferred by the Mortgage."

B. The Defendants

The Defendants argue that the notary clause, on its face, does not support the Trustee's position. As a result, they maintain that there is no evidence establishing that the clause is defective. Although there is a blank space on the acknowledgment form followed by a comma, the Defendants argue that the Trustee's assertion that the mortgage is devoid of any language identifying the person executing the instrument and devoid of any language evidencing that the execution of the mortgage was the free act and deed of the person executing the mortgage is "factually inaccurate as the notary clause in the instant case does in fact identify the mortgagor as the party executing the Mortgage and does indicate that the mortgagor acknowledged that he executed the instrument as his free act and deed."

Additionally, the Defendants claim that the notary clause complies with Massachusetts statutes, title standards, an Executive Order of the Governor of the Commonwealth of Massachusetts, Deed Indexing Standards and both state and federal case law. They specifically reject the Trustee's reliance upon In re Ryan, stating that "the first circuit case is distinguishable as no such statute exists in Massachusetts which would render the notary clause in the Mortgage defective and therefore improperly recorded."

6

Referencing the Executive Order entitled "Standards of Conduct for Notaries Public," which took effect on May 15, 2004, *see* Revised Executive Order No. 455 (04-04)(the "Executive Order),[1] the Defendants point out that the Executive Order defines "Personal Knowledge of Identity" as "familiarity with an individual resulting from interactions with that individual over a period of time sufficient to ensure beyond doubt that the individual has the identity claimed."

The Defendants also point to Massachusetts Deed Indexing Standards, in particular, Standard 4-2[2], as well as REBA Title Standard No. 16,[3] both of which provide that failure

––––––––––––––––––––––

[1]The Executive Order is available at:
        http://www.mass.gov/Agov3/docs/EO455finalrevised.doc.

[2] The standard provides:

Failure to comply with the strict requirements of Executive Order 455 (03-13) shall not prevent a document from being recorded. A non-conforming acknowledgement [sic] purported to be taken within Massachusetts must contain, at a minimum, the original signature and printed or typed name of the officer making the acknowledgement [sic], the expiration date of the officer's commission and some language that indicates that the parties intended such signature to constitute an acknowledgement [sic].

Deed Indexing Standard 4-2.

[3] The standard provides:

An acknowledgment the form of which substantially conforms with M.G.L. c. 183 §§ 29, 30, 33 and 42 or M.G.L. c. 222 § 11 and applicable case law but does not strictly comply with Executive Order 455 (03-13) is not on that account defective.

REBA Title Standard No. 16.

7

to strictly comply with the requirements of Executive Order 455 will not prevent a document from being recorded and will not result in it being considered defective.

## IV. DISCUSSION

The Executive Order defines "Acknowledgment" in Section 2 as "a notarial act in which an individual, at a single time and place:

(a) appears in person before the notary public and presents a document;

(b) is identified by the notary public through satisfactory evidence of identity; and

(c) indicates to the notary public that the signature on the document *was voluntarily affixed by the individual for the purposes stated within the document* and, if applicable, that the individual had authority to sign in a particular representative capacity.

(emphasis supplied).

The Executive Order further provides in Section 5: Scope and Description of Duties, at section (f), the following:

A notary shall witness a signature in substantially the following form in notarizing a signature or mark to confirm that it was affixed in the notary's presence without administration of an oath or affirmation:

On this _____ day of _____, 20__, before me, the undersigned notary public, personally appeared _____(name of document signer), proved to me through satisfactory evidence of identification, which were _____, to be the person whose name is signed on the preceding or attached document in my presence.

_____ (official signature and seal of notary)

_____

The acknowledgment utilized by the notary in this case did not conform to the template set forth in the Executive Order. Rather, the notary utilized the form set forth in the appendix to Mass. Gen. Laws ch. 183. *See* Mass. Gen. Laws ch. 183, § 42 ("The forms set forth in the appendix to this chapter for taking acknowledgments to deeds and other instruments and for certifying the authority of officers taking proofs for acknowledgments may be used; but this shall not prevent use of any other forms heretofore lawfully used."). That form provides:

(Caption specifying the state and place where the acknowledgment is taken)

On this      day of      19 , before me personally appeared AB (or AB and CD), to me known to be the person (or persons) described in and who executed the foregoing instrument, and acknowledged that he (or they) executed the same as his (or their) free act and deed.

(Signature and title of the officer taking acknowledgment. Seal, if required.)

The form used by the notary in this case is virtually the same as the one set forth in the Appendix to Mass. Gen. Laws ch. 183. Although the form set forth in the Executive Order requires a recitation of the evidence presented to the notary establishing the identity of the person making the acknowledgment, the Executive Order, through the definition of "Acknowledgment," and the form set forth in the Appendix to Mass. Gen. Laws ch. 183 require the notary to establish that the execution of the instrument by a grantor or mortgagor was done "voluntarily" or was their "free act and deed."

In this case, the notary omitted the name of the Debtor in completing the acknowledgment. An examination of the acknowledgment plainly reveals that it contained a space followed by a comma where the name of the Debtor should have been inserted. Accordingly, the Defendants' assertion that there is no defect in the acknowledgment is

9

without basis in fact. The issue for the Court is whether that defect is material, warranting the conclusion that the mortgage should not have been accepted for recordation. *See* Mass. Gen. Laws ch. 183, § 29.

Numerous federal courts have ruled that the omission of the grantor's name or the mortgagor's name in an acknowledgment is a material defect in the acknowledgment, and, as a consequence, those courts have permitted estate representatives to avoid improperly acknowledged mortgages under 11 U.S.C. § 544. *See* Burden v. CIT Group/Consumer Fin., Inc. (In re Wilson), No. 07-6447, 2009 WL 723197 (6th Cir. March 19, 2009)(mortgage improperly acknowledged under Kentucky law did not provide constructive notice to subsequent purchasers or creditors and was subject to avoidance under 11 U.S.C. § 544); Gregory v. Ocwen Fed. Bank (In re Biggs), 377 F.3d 515 (6th Cir. 2004)(same under Tennessee law); Countrywide Home Loans, Inc. v. Gardner (In re Henson), 391 B.R. 210 (B.A.P. 6th Cir. 2009) (trustee can avoid mortgage and preserve it for the benefit of the debtor's estate because mortgage did not provide constructive notice to subsequent purchasers or creditors under Kentucky law when mortgagor's signature was not properly acknowledged as acknowledgment did not contain the identity of the mortgagor); Geygan v. World Savs. Bank (In re Nolan), 383 B.R. 391, 396 (B.A.P. 6th Cir. 2008)(acknowledgment defective under Ohio law because the names of the borrowers were not recited and for other reasons); Select Portfolio Servs., Inc. v. Burden (In re Trujillo), 378 B.R. 526, 537 (B.A.P. 6th Cir. 2007)(" ... the name or identity of the person acknowledging the mortgage was omitted from the notary's certificate of acknowledgment. Under the Kentucky

10

acknowledgment and notice statutes . . . the certificate of acknowledgment is defective.");

MG Investments v. Johnson (In re Cocanougher), 378 B.R. 518 (B.A.P. 6th Cir. 2007)

(following Biggs); Greenpoint Credit, LLC v. Gigandet (In re Chandler), No. 3:05-1564, 2005

WL 3263331 (M.D. Tenn. Nov. 30, 2005) (adopting holding in Biggs); Drown v. Peed (In re

Peed), __ B.R. __, 2009 WL 817242 (Bankr. S.D. Ohio March 27, 2009) (acknowledgment's

failure to identify the name of the person acknowledging the signing of the mortgages

rendered the mortgages defective, even though the notary public and the witness were the

same person; mortgages did not substantially comply with the Ohio statute governing the

acknowledgment of deeds and mortgages and thus were invalid; defective mortgages did

not take priority over a hypothetical bona fide purchaser such as the trustee); Drown v.

GreenPoint Mortgage Funding, Inc. (In re Leahy), 376 B.R. 826 (Bankr. S.D. Ohio 2007)

(same); Stubbs v. Chase Manhattan Mortgage Corp. (In re Stubbs), 330 B.R. 717 (Bankr.

N.D. Ind. 2005), aff'd, 2006 No. 2:05-CV-439, WL 2361814 (N.D. Ind. Aug. 14, 2006)

(acknowledgment which failed to specifically state who it was that had appeared before

attesting officer to acknowledge his/her execution of mortgage was not valid

acknowledgment under Indiana law, so that the recording of mortgage that contained this

defective acknowledgment did not provide constructive notice to bona fide purchaser of

mortgagee's interest in property, and mortgage lien was avoidable); Baldin v. Calumet

Nat'l Bank (In re Baldin), 135 B.R. 586 (Bankr. N.D. Ind. 1991)(recording of a document not

entitled to be recorded does not afford constructive notice). Cf. Sensenich v. Countrywide

Home Loans, Inc. (In re Willis), No. 07-1008, 2008 WL 444547 at *7 (Bankr. D. Vt. Feb. 15,

2008) (if an incorrect name is inserted in the blank space in the acknowledgment, the defect is fatal and the mortgage can be avoided under 11 U.S.C. § 544 as it does not provide a subsequent purchaser with constructive notice). *But see* In re Rick's Auto Outlet of Monticello, 327 B.R. 650, 652 (B.A.P. 8th Cir. 2005) (under Mississippi law, "'[a] liberal interpretation of acknowledgments encompasses examination of the body of the instrument itself, and an acknowledgment will not necessarily be deemed fatal for an omission which can be supplied from the body of the instrument itself.'"); Greater Providence Deposit Corp. v. Barnacle, 623 A.2d 445 (R.I. 1993) (duly recorded mortgage acknowledged by one of two mortgagors sufficient to provide constructive notice); Farm Bureau Fin. Co., Inc. v. Carney, 100 Idaho 745, 515 (1980)("technical deficiencies in the certificate of acknowledgment will not render the certificate defective if the alleged deficiency can be cured by reference to the instrument itself, in this case, the deed of trust. . . . the omission of the acknowledger's name in the blank space in the certificate will not render the certificate ineffective if his name can be ascertained from other sources as from the face of the instrument itself or from other parts of the certificate."). *See also* O'Banion v. Morris Plan Industrial Bank, 201 Okl. 256, 204 P.2d 872 (1949); Gardner v. Inc. City of McAlester, 179 P.2d 894 (Okl.1946); Coates v. Smith, 81 Or. 556, 160 P. 517 (1916).

This Court is persuaded by the reasoning of the Sixth Circuit in In re Biggs. That case is both factually and procedurally indistinguishable from the instant case.[4] In the first

---

[4] In Biggs, the Sixth Circuit recited the following pertinent facts:

On April 9, 2001, the debtors filed a bankruptcy petition under Chapter 7.

12

place, the form of acknowledgment employed by the notary in <u>Biggs</u> is virtually the same

as that at issue in the instant case, *see* Tenn. Code Ann. § 66-22-107,[5] and the defect in the

---

after which the bankruptcy court assigned Jeanne Burton Gregory to be the trustee. As trustee, Gregory obtained the rights of "a bona fide purchaser of real property . . . from the debtor [who] has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists." 11 U.S.C. § 544(a)(3). Believing that the acknowledgment was defective and that her status as a bona fide purchaser gave her a superior interest in the debtors' home under Tennessee law, Gregory filed a complaint in the bankruptcy court to avoid the deed of trust held by Ocwen.

The parties moved for summary judgment, and the bankruptcy court granted Gregory's motion. In the absence of the debtors' names, the bankruptcy court reasoned, the acknowledgment was "not in substantial compliance [with Tennessee law] and that in order for a notarization to be effective, it must include the names of the people who appear before the notary."

377 F.3d at 517.  According to the Sixth Circuit, the district court, in affirming the decision of the bankruptcy court, stated that the omission of the names in the acknowledgment, "'cannot be viewed . . . as [a] harmless or minor deviation[ ] from the standard form language set out in the statutes. It is at the core of what an acknowledgment is meant to do.'" <u>Id.</u>

[5] The form used by the notary in <u>Biggs</u> provided the following:

STATE OF TENNESSEE County ss: Davidson

On this 6 day of November 1997, before me personally appeared
[blank]
to me known to be the person(s) described in and who executed the foregoing instrument, and who acknowledged the execution of the same to be [blank] free act and deed. Witness my hand and official seal.

My Commission Expires: Indefinite
(illegible signature and notary seal)
Notary Public

377 F.3d at 516-17.

acknowledgment, namely the omission of the name of the party appearing before the notary to acknowledge the mortgage, is the same.

The Sixth Circuit in Biggs noted that the Tennessee legislature, like the Massachusetts legislature, has said that "'no specific form or wording [is] required in such certificate and [ ]the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any specific words.'" 377 F.3d at 518 (citing Tenn. Code Ann. § 66-22-114(b)). See Mass. Gen. Laws ch. 183, § 42. The Sixth Circuit also noted that Tennessee, unlike Massachusetts, "specifically forgives defective acknowledgments that in either "substance" or "intent" comply with the requirement." Id. (citing Tenn. Code Ann. §§ 66-26-113 and 66-22-114(b)).[6] See Mass. Gen.

---

[6] Section 66-26-113 (the "substantial compliance savings statute") provides:

"The unintentional omission by the clerk or other officer of any words in a certificate of an acknowledgment, or probate of any deed or other instrument, shall in nowise [sic] vitiate the validity of such deed, but the same shall be good and valid to all intents and purposes, if the substance of the authentication required by law is in the certificate."

Biggs, 377 F.3d at 518.

Section 66-22-114(b)(the "intent savings statute") provides:

"Any certificate clearly evidencing intent to authenticate, acknowledge or verify a document shall constitute a valid certificate of acknowledgment for purposes of this chapter and for any other purpose for which such certificate may be used under the law. It is the legislative intent that no specific form or wording be required in such certificate and that the ownership of property, or the determination of any other right or obligation, shall not be affected by the inclusion or omission of any

Laws ch. 184, § 24.[7]  According to the Sixth Circuit, the defect in an acknowledgment,

caused by the omission of the identity of the parties acknowledging the deed of trust,

cannot be salvaged with reference to either the substantial compliance savings statute or

the intent savings statute reproduced in footnote 6.  Notably, the Sixth Circuit, in setting

---------------

specific words."

Biggs, 377 F.3d at 518.

[7] Section 24 provides the following:

When any owner of land the title to which is not registered, or of any
interest in such land, signs an instrument in writing conveying or
purporting to convey his land or interest, or in any manner affecting or
purporting to affect his title thereto, and the instrument, whether or not
entitled to record, is recorded, and indexed, in the registry of deeds for the
district wherein such land is situated, and a period of ten years elapses
after the instrument is accepted for record, and the instrument or the
record thereof because of defect, irregularity or omission fails to comply in
any respect with any requirement of law relating to seals, corporate or
individual, to the validity of acknowledgment, to certificate of
acknowledgment, witnesses, attestation, proof of execution, or time of
execution, to recitals of consideration, residence, address, or date, to the
authority of a person signing for a corporation who purports to be the
president or treasurer or a principal officer of the corporation, such
instrument and the record thereof shall notwithstanding any or all of such
defects, irregularities and omissions, be effective for all purposes to the
same extent as though the instrument and the record thereof had
originally not been subject to the defect, irregularity or omission, unless
within said period of ten years a proceeding is commenced on account of
the defect, irregularity or omission, and notice thereof is duly recorded in
said registry of deeds and indexed and noted on the margin thereof under
the name of the signer of the instrument and, in the event of such
proceeding, unless relief is thereby in due course granted.

Mass. Gen. Laws ch. 184, § 24.

15

forth its reasoning, addressed the same arguments made by the Defendants. It stated:

> [T]he authentication of a deed of trust is not a purposeless formality. The procedure serves to verify the identity of the individual signing the instrument and to establish a fraud-free system for recording the ownership of real property-a necessary prerequisite to any free market. *See* Figuers v. Fly, 137 Tenn. 358, 193 S.W. 117, 120 (1917) ("A certificate of acknowledgment is an act which must in the nature of things be relied on with confidence" by buyers and sellers.). In this instance, the integrity of the acknowledgment is placed in doubt because it omits the most important information on the acknowledgment form: who, if anyone, is doing the acknowledging? Failing to name the individuals who signed the deed of trust bears directly on the ability of a subsequent purchaser of real property to verify that the instrument was signed by the true property owners. Without it, a purchaser is left to wonder who appeared before the notary, if indeed anyone appeared before the notary, to acknowledge their signatures. In this sense, the missing names "lend [ ] uncertainty about the legal effectiveness of the instrument," In re Crim, 81 S.W.3d at 768, and for that reason alone the acknowledgment fails substantially to comply with Tennessee law. The "substantial compliance" test "addresses the unintentional omission of words by the officer taking an acknowledgment," In re Akins, 87 S.W.3d at 493 (emphasis added), not the unintentional omission of the names of the acknowledging individuals.

<div align="center">***</div>

> . . . Ocwen argues, the form-printed phrase in this acknowledgment-"to me known to be the person(s) described in and who executed the foregoing instrument"-adequately identifies the debtors as the people whose names can be found on the deed of trust and excuses the failure to include their names on the acknowledgment.

> In re Grable, [ 8 B.R. 363 (Bankr. E.D.Tenn. 1980)] . . . misapprehends the role of an acknowledgment. To permit the names in the deed of trust to satisfy the names-in-the-acknowledgment requirement is to eliminate the acknowledgment requirement. No one doubts that the names of the individuals on the deed of trust are the names of the individuals who should appear on the acknowledgment. The very point of the acknowledgment is to have their signatures confirmed in the presence of a notary. When notaries, however, merely take pre-printed forms and purport to notarize them without stating whose signatures they have notarized and who, if anyone, appeared before them, they not only undermine the Tennessee legislature s

salutary purpose in creating statutorily-approved forms but also fail to accomplish the signal reason for having an acknowledgment in the first place. Under Ocwen's reading of Tennessee law, a notary merely could notarize a statutorily-approved form-without filling in a single blank space-and that alone would suffice to satisfy the requirement. Far from being a finicky exaltation of form over substance, the requirement that the grantors' names appear on the acknowledgment is essential to giving the acknowledgment statute the modest substance that the Tennessee legislature thought it deserved.

\*\*\*

Ocwen fares no better under the "intent" test. For many of the same reasons that it cannot satisfy the "substantial compliance" test, it fails to satisfy this one as well.

The "intent" test looks to "the intent of the person signing a document to properly acknowledge his or her signature." In re Akins, 87 S.W.3d at 493 (emphasis added). As In re Akins indicates, the statute "requires only that a certificate of acknowledgment clearly evidence the signer's intent to authenticate, acknowledge or verify a document," . . . The intent at issue, then, goes to the person or persons named in the acknowledgment. Because the notary in this instance named no one in the certificate of acknowledgment and we cannot determine who, if anyone, intended to acknowledge the signatures on the deed of trust, Ocwen cannot satisfy this test.

Conceding that "naming [the individuals] in the acknowledgment is a sufficient-indeed, the best-means of identifying the signers," . . . Ocwen repeats its argument that the phrase "the person(s) described in and who executed the foregoing instrument" adequately establishes the debtors' intent to acknowledge their signatures. Other than In re Grable, however, Ocwen offers no case support for this argument, and in this setting the argument has even less to recommend it than it does in the "substantial compliance" setting. Words from a pre-printed form, even words purporting to incorporate a document that the debtors have signed (namely, the deed of trust), do not establish an intent to acknowledge their signatures when their names nowhere appear on the acknowledgment.

377 F.3d. at 519- 21. See also Rogan v. Am.'s Wholesale Lender (In re Vance), 99 Fed.Appx.

25, 27 (6th Cir.2004) (per curiam) ("The notary failed to include [the individuals' names]

in the certification. Therefore, the district court was correct in finding that the acknowledgment failed to comport with Kentucky law.").

Because there are no Massachusetts decisions which directly address the issue of whether the omission of a grantor's or mortgagor's name in the acknowledgment form is a material defect, this Court must predict how the Massachusetts Supreme Judicial Court would resolve the issue with reference to Mass. Gen. Laws ch. 183, §§ 29, 30. See In re Melber, 315 B.R. 181, (Bankr. D. Mass. 2004) (citing Caron v. Farmington Nat'l Bank (In re Caron), 82 F.3d 7,9 (1st Cir. 1996)). In view of the decision of the Supreme Judicial Court in McOuatt v. McOuatt, 320 Mass. 410 (1946), the statutes cited above, and Executive Order 455, this Court predicts that the Massachusetts Supreme Judicial Court would view the omission of the Debtor's name from the acknowledgment as a material defect in the acknowledgment of the Debtor's signature on the mortgage document.

In McOuatt, the Supreme Judicial Court construed an acknowledgment attached to a deed from the grantor to his spouse while the grantor was on his death bed. According to the court,

> McOuatt told the physician that he knew what he was about to do, that he was to sign papers to protect his wife, and that he had been intending to do this for some time. The defendant obtained a deed which the attorney had prepared and brought it to the hospital. She told her husband what it was, and in her presence a hospital clerk, who was a notary public, asked him if he knew what he was about to sign. He said that he did and that he was turning over his property to his wife. He executed the deed by making an X with the assistance of the notary public. At some time thereafter he requested the defendant to have the deed recorded, which she did. He died some eight hours after he executed the deed.

320 Mass. 411-12. The Supreme Judicial Court, following review of a master's report,

added:

> [T]here is no finding that McOuatt, after he signed the deed, ever said a word
> to the one who made out the certificate of acknowledgment. On the other
> hand, there is an express finding that he did not say anything indicating that
> he acknowledged the instrument as his free act and deed. The master has set
> forth all the subsidiary findings relative to this matter of acknowledgment.
> We are unable to discover anything in his report that would justify a
> conclusion that McOuatt acknowledged the instrument of conveyance to be
> his free act and deed. The only conclusion that can be reached from the
> report is that the deed was not duly acknowledged as required by the statute.

Id. at 414. In so holding, the Supreme Judicial Court signaled its adherence to a stringent

requirement, namely that a grantor or mortgagor expressly state to the notary that the

execution of the instrument was his or her free act or deed. The Massachusetts court

recognized, as did the Sixth Circuit in Biggs, that "[a]n acknowledgment is the *formal

statement of the grantor to the official* authorized to take the acknowledgment that the

execution of the instrument was his free act and deed. No particular words are necessary

as long as they amount to an admission that he has voluntarily and freely executed the

instrument." McOuatt, 320 Mass. at 414. (citations omitted, emphasis supplied). Thus,

unlike many courts, Massachusetts requires, in addition to the other formalities associated

with acknowledgments, an affirmative declaration by the grantor or mortgagor. The court

in Poole v. Hyatt, 344 Md. 619 (1997), observed that "[s]o far as we can tell, only

Massachusetts and Texas have imposed such a requirement. . . ." Id. at 632. Indeed, the

court in Poole refused to adopt the Massachusetts requirement finding it "unnecessarily

rigid and formalistic."[8]

This Court concludes that the Supreme Judicial Court would find the decision of the Sixth Circuit in <u>Biggs</u> compelling. Because Tennessee has both a substantial compliance savings statute and an intent savings statute, the law of Tennessee is more liberal than Massachusetts law. Yet, in <u>Biggs</u> the omission of the mortgagor's name in the acknowledgment resulted in affirmance of a decision permitting the Chapter 7 trustee to avoid the mortgage under 11 U.S.C. § 544(a)(3). Although Massachusetts has a curative provision, *see* Mass. Gen. Laws ch. 184, § 24, that statute requires a lapse of ten years for the instrument to be effective for all purposes, "unless a proceeding is commenced on account of the defect, irregularity or omission, and notice thereof is duly recorded . . . indexed and noted in the margin thereof under the name of the signer of the instrument . . . . ." Accordingly, this Court concludes that it is unlikely that the Massachusetts Supreme

---

[8] It stated:

> [A]lthough a clear oral expression is preferable because it provides direct evidence of the signatory's knowledge and intent, when a signatory (1) appears personally before a notary for the purpose of having the notary witness and attest to his or her signature, (2) the signatory appears to be alert and is under no apparent duress or undue emotional or intoxicating influence, (3) it is clear from the overall circumstances that the signatory understands the nature of the instrument he or she is about to sign, and (4) he or she signs the instrument in the presence of the notary with the apparent intent of making the instrument effective, the signatory is effectively acknowledging to the notary that the instrument is being signed voluntarily and for the purpose contained therein.

<u>Id.</u> at 636-37.

Judicial Court would find that the omission of the Debtor's name was an omission that could be cured with reference to the notary's role in witnessing the Debtor's signature on the mortgage.

The Court's conclusion is buttressed by Executive Order 455, which was promulgated in part because the Governor of the Commonwealth determined that "notaries public lacked specific guidance as to the nature and scope of their duties." The Order mandated compliance with its provisions, which include the requirement to keep an active journal setting forth the date, time and type of notarial acts performed, as well as the signature, printed name and address of each principal and witness and "a description of the satisfactory evidence of each person" by May 15, 2004. Moreover, as noted above, the Executive Order defines "acknowledgment" to include a determination by the notary that "the signature on the document was voluntarily affixed by the individual for the purposes stated within the document . . . ."

Based upon the foregoing requirements, the acknowledgment attached to the mortgage executed by the Debtor in this case cannot be construed to satisfy the requirements of Massachusetts law. Although the notary witnessed the Debtor's signature, that alone is not enough. The notary was required to obtain satisfactory evidence of the Debtor's identity and to ascertain that his signature on the mortgage was voluntarily affixed. The acknowledgment, because of its patent defect, cannot permit that inference.[9]

_____

[9] Some courts have determined that "[a]bsent an allegation of fraud or forgery, a recorded acknowledgment that is complete and proper on its face is prima facie evidence of the due execution of the mortgage. Jones v. The Money Store (In re Jones),

Having determined that the acknowledgment contains a patent and material defect that should have prevented it from being recorded, the Court must determine the consequences of its recordation. In this regard, the Trustee's position is consistent with settled law in Massachusetts. Generally, "[a] conveyance of an estate [in land . . .] shall not be valid as against any person, except the grantor . . . his heirs and devisees and persons having actual notice of it, unless it is recorded in the registry of deeds for the county or district in which the land to which it relates lies." Mass. Gen. Laws ch. 183, § 4.

In Graves v. Graves, 72 Mass. 391 (1856), the Supreme Judicial Court held that an "instrument of defeasance, not being acknowledged, was improvidently admitted to registration, and the record does not operate as constructive notice of the execution of the assignment of the equity of redemption, as against an attaching creditor of the equity; and therefore the title of the attaching creditor, though subsequent in time, takes precedence of the assignment." Id. at 392-93. Similarly, in Dole v. Thurlow, 53 Mass. 157, 1846 WL 4099 (Mass. 1846), the Supreme Judicial Court stated:

> [I]t appears to us, that the revised statutes do not alter the law in this respect. By the former St. of 1783, c. 37, and the decisions under it, the law was, that by the execution and delivery of a deed, the estate passed, as between grantor and grantee, and the grantee became seized. But to give it full effect, as against purchasers and creditors of the grantor, recording was necessary; and as a prerequisite to recording, acknowledgment, or proof by one or more subscribing witnesses, was necessary. *Actual recording, without one of these prerequisites, would not give effect to the deed.*

---

284 B.R. 92, 95 (Bankr. E.D. Pa. 2002), *aff'd* 308 B.R. 223 (E.D. Pa. 2003). *But see* Fisher v. Advanta Fin. Corp. (In re Fisher), 320 B.R. 52 (E.D. Pa. 2005). In this case, the acknowledgment was not complete on its face and thus cannot be considered prima facie evidence.

1846 WL 4099 at *4 (citations omitted).

Although the Bankruptcy Code arms the Trustee with the rights and powers of a bona fide purchaser, *see* 11 U.S.C.§ 544(a)(3), those rights and powers are defined by state law. Gray v. Burke (In re Coletta Bros. of North Quincy, Inc.), 172 B.R. 159, 162 (Bankr. D. Mass. 1994)(citing Butner v. United States, 440 U.S. 48 (1979)), and Stern v. Continental Assurance Co. (In re Ryan), 851 F.2d 502 (1st Cir. 1988)).   As set forth above, under Massachusetts law, because the mortgage was not properly acknowledged it did not provide constructive notice to a subsequent purchaser for value.

In the context of a mistakenly recorded discharge of a mortgage from the debtor, the bankruptcy court in Collins v. Bank of New England West, N.A. (In re Daylight Dairy Products, Inc.), 125 B.R. 1 (Bankr. D. Mass. 1991),[10] explained the interaction of state law

---

[10] The facts in Daylight Dairy Products are as follows:

On November 12, 1975, the Debtor granted a mortgage to the Bank on real property located at 694-696 and 700-702 Summer Avenue, Springfield, Massachusetts which was duly recorded. On February 25, 1987, the loan documents were amended to increase the mortgage amount. At the same time, the Bank agreed to release several properties other than the Summer Avenue property. On March 31, 1987, through clerical inadvertence and error, the Bank executed and acknowledged a discharge of the mortgage on the Summer Avenue property. For some unexplained reason, the discharge was not recorded until November 3, 1987.

On July 29, 1987, Agri-Mark recorded its mortgage from the Debtor covering a number of properties including 700-702 Summer Avenue. Agri-Mark's mortgage provides that the "premises are subject to" the Bank's mortgage.

On March 10, 1989, the Debtor filed a Chapter 11 petition.

23

and § 544(a).  It stated:

> Section 544(a) . . . empowers the Trustee to avoid a transfer of an interest in
> real property of the Debtor to the extent a bona fide purchaser of the
> property may avoid the transfer. The Trustee has these powers "without
> regard to the knowledge of the [T]rustee or of any creditor." [11 U.S.C. §
> 544(a)] The Trustee nevertheless takes the property subject to any
> constructive knowledge imposed upon creditors and purchasers under
> applicable state law.  McCannon v. Marston, 679 F.2d 13 (3d Cir.1982)
> (trustee subject to constructive notice of unrecorded deed recognized in
> Pennsylvania law from purchaser's possession). Cf. Stern v. Continental
> Assurance Co. ( In re Ryan), 851 F.2d 502 (1st Cir.1988) (trustee takes free of
> constructive notice of improperly witnessed and recorded mortgage where
> Vermont law denies constructive notice effort to such a mortgage). The
> Trustee is also subject to whatever inquiry notice may be imposed by state
> law under the particular facts. Maine Nat'l Bank v. Morse (In re Morse), 30
> B.R. 52 (1st Cir.BAP 1983) (trustee subject to mistakenly discharged mortgage
> where Maine law would impose a duty to inquire concerning certificate of
> foreclosure recorded after recording of discharge). . . .

125 B.R. at 3.  The bank in Daylight Dairy Products asserted that the Trustee was put on

inquiry notice because of a reference in a subsequent mortgage to its mortgage.  The

bankruptcy court rejected that argument, stating:

> Inquiry notice of another's property interest is a corollary of both "actual"
> and "constructive" notice. In re Ryan, supra, at 507. Where recognized, it
> involves a duty of investigation imposed upon one who has actual or
> constructive knowledge of facts which would lead a prudent person to
> suspect that another has an interest in the property. Id.

> There are two flaws in the Bank's argument. First, Massachusetts law does
> not recognize inquiry notice of unrecorded deeds or mortgages. In
> Massachusetts, an unrecorded deed or mortgage is valid only against the
> grantor, his heirs and devisees and "persons having actual notice of it"
> Mass. Gen. L. ch. 183, § 4. The phrase "actual notice" is interpreted by the
> Massachusetts courts to exclude inquiry notice even when there is a reference
> to a party's property interest in the records which should be examined in a

---

125 B.R. at 2.

title search. . . .

Id. at 3 (citing Tramontozzi v. D'Amicis, 344 Mass. 514, 183 N.E.2d 295 (1952), and

McCarthy v. Lane, 301 Mass. 125, 16 N.E.2d 683, 685 (1938)). The bankruptcy court further

observed:

> There is no contention that the Trustee had actual notice of the continued
> vitality of the Bank's mortgage. Even if the Trustee had such notice, it would
> not be imputed to the bankruptcy estate; § 544(a) grants the Trustee rights
> and powers "without regard to any knowledge of the Trustee or of any
> creditor."
>
> Second, the reference in Agri-Mark's mortgage to the Bank's mortgage,
> coupled with the earlier execution date of the discharge of the Bank's
> mortgage, would not provide inquiry notice even if Massachusetts
> recognized the doctrine of inquiry notice.

Id. at 4.

Based upon the foregoing authorities, the Court concludes that the Trustee's

position is well supported under Massachusetts law and rejects the position advanced by

the Defendants, as it is predicated upon a misapprehension of the effect of the

acknowledgment. Thus, the Trustee may avoid the mortgage pursuant to his strong arm

powers under § 544.

The Trustee also seeks relief under § 550(a). That section permits him to recover "for

the benefit of the estate, the property transferred, or, if the court so orders, *the value of such*

*property*, from—(1) the initial transferee of such transfer or the entity for whose benefit such

transfer was made; or (2) any immediate or mediate transferee of such initial transferee."

11 U.S.C. § 550(a)(emphasis supplied). Because Countrywide, the immediate transferee of

the initial transferee (MERS), obtained relief from the automatic stay on October 2, 2008 to

foreclose the mortgage, the Trustee seeks the value of the mortgage lien, not the value of the property transferred. Although the Trustee sets forth that amount as $294,000, that figure represents the value the Debtor ascribed to the property in Schedule A. The actual value of the lien preserved for the benefit of the estate under 11 U.S.C. § 551 may or may not equal $294,000.

## V. CONCLUSION

In view of the foregoing, the Court shall enter an order granting the Trustee's Motion for Summary Judgment, in part, and denying the Defendants' Motion for Summary Judgment. The Court shall schedule a hearing to determine the value of the lien preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

By the Court,

*Joan N. Feeney*

Joan N. Feeney
United States Bankruptcy Judge

Dated: May 21, 2009
cc: Jeffrey J. Cymrot, Esq., Christine Murphy, Esq., Warren E. Agin, Esq., Brian R. Lewis, Esq.